Dariush G. Adli, Esq., SBN 204959
  adli@adlilaw.com
ADLI LAW GROUP, P.C.
12400 Wilshire Blvd., Suite 1460
Los Angeles, California 90025
Telephone: (213) 623-6546
Facsimile: (213) 623-6554

Attorneys for ANGELINI METAL WORKS CO.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINI METAL WORKS CO., a Florida corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>HUBBARD IRON DOORS, INC., a Nevada Corporation doing business in California; and DOES 1-10,<br><br>*Defendant* | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Angelini Metal Works, Co. ("Angelini" or "Plaintiff") hereby complains of Defendant Hubbard Iron Doors, Inc. ("HID"), a Nevada business entity doing business in California, and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims that relate to copyright infringement under 17 U.S.C. §501, et seq., pursuant to 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a) and (b), because a substantial part of the events giving rise to the causes of action in this Second Amended Complaint occurred in this district.

3. This Court has personal jurisdiction over Defendant because it has a continuous, systematic, and substantial presence within this judicial district.

## II. PARTIES

4. Plaintiff Angelini Metal Works Co. is a corporation organized and existing under the laws of the state of Florida with its principal place of business at 2705 W. 76th Street, Miami, Florida 33016.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant Hubbard Iron Doors, Inc., is a corporation organized and existing under the laws of the state of Nevada with its principal place of business at 7407 Telegraph Road, Montebello, California 90640.

**ANGELINI'S COPYRIGHTED PHOTOGRAPHS AND DOORS**

6. Plaintiff Angelini is a designer and manufacturer of metal works and doors, particularly doors made of iron, aluminum and other metals. Angelini designs, manufactures and distributes different doors in unique designs and distributes its

original products nationwide in the United States.

7. Angelini's original door designs are highly valued by consumers because the designs are exclusive and unique.

8. Angelini vigorously guards its original designs to preserve their exclusivity by implementing a strict policy to protect such designs. Angelini not only advertises on its www.angelinimetalworks.com site a collage of photographs as opposed to the individual photographs, where no particular design can be identified or work can be viewed in its entirety, but also protects the registers of the copyright in each of its works.

9. Angelini is the registered copyright owner of the following photographs registered with the U.S. Copyright Office, which depict Angelini's door designs (collectively referred to as the "Angelini Copyrighted Photographs"):

(1) Reg. No. VA 1-777-064 for the "ARRIETA";

(2) Reg. No. VA 1-776-959 for the "BIZANCIO";

(3) Reg. No. VA 1-777-858 for the "BOLOGNA II";

(4) Reg. No. VA 1-777-808 for "FERRARA & ARCH";

(5) Reg. No. VA 1-777-809 for the "FERRARA I";

(6) Reg. No. VA 1-777-079 for the "GENOVA III";

(7) Reg. No. VA 1-776-999 for the "KRELL";

(8) Reg. No. VA 1-776-998 for the "LA CORNICHE";

(9) Reg. No. VA 1-777-837 for the "MEDICI";

(10) Reg. No. VA 1-777-810 for the "MESSINA";

(11) Reg. No. VA 1-777-840 for the "MILAN";

(12) Reg. No. VA 1-776-977 for the "NATALIE";

(13) Reg. No. VA 1-777-811 for the "PALERMO";

(14) Reg. No. VA 1-777-812 for the "RIMINI";

(15) Reg. No. VA 1-777-006 for the "ROMA";

(16) Reg. No. VA 1-777-002 for the "SIRACUSA I";

1     (17) Reg. No. VA 1-777-010 for the "SIRACUSA II";

2     (18) Reg. No. VA 1-777-051 for the "TAPIA";

3     (19) Reg. No. VA 1-777-813 for the "TARANTO";

4     (20) Reg. No. VA 1-777-816 for the "TRENTO";

5     (21) Reg. No. VA 1-777-832 for the "VICENZA I";

6     (22) Reg. No. VA 1-777-012 for the "VICENZA II";

7     (23) Reg. No. VA 1-777-827 for the "VICENZA";

8     (24) Reg. No. VA 1-777-070 for the "VICENZA IV";

9     (25) Reg. No. VA 1-777-062 for the "VILLAR"

Angelini is also the registered copyright owner of the following door designs registered with the U.S. Copyright Office as sculptural works of visual arts (collectively referred to as the "Angelini Copyrighted Doors"):

    (1) Reg. No. VA 1-777-064 for the "ARRIETA";

    (2) Reg. No. VA 1-776-959 for the "BIZANCIO";

    (3) Reg. No. VA 1-777-079 for the "GENOVA III";

    (4) Reg. No. VA 1-776-999 for the "KRELL";

    (5) Reg. No. VA 1-776-998 for the "LA CORNICHE";

    (6) Reg. No. VA 1-776-977 for the "NATALIE";

    (7) Reg. No. VA 1-777-006 for the "ROMA";

    (8) Reg. No. VA 1-777-002 for the "SIRACUSA I";

    (9) Reg. No. VA 1-777-010 for the "SIRACUSA II";

    (10) Reg. No. VA 1-777-051 for the "TAPIA";

    (11) Reg. No. VA 1-777-012 for the "VICENZA II";

    (12) Reg. No. VA 1-777-070 for the "VICENZA IV";

    (13) Reg. No. VA 1-777-062 for the "VILLAR"

/ / /

/ / /

/ / /

## DEFENDANT'S INFRINGING ACTS

10. In or around December 2020, a customer of Angelini Metal Works customer ("Customer") contacted the Plaintiff to comment on a door they had purchased from Hubbard Iron Doors ("HID") which they believed was made by Angelini.

11. Attached as Exhibit 1 is a photo of one of the doors by Angelini Metal Works, Co.

12. Attached as Exhibit 2 is a photo of one of the doors purchased by Customer from HID.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

13. Plaintiff realleges and incorporates by reference paragraphs 1 through 12 of this Complaint.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant HID has copied, distributed, displayed and/or sold the Angelini Copyrighted Photographs and reproductions of the Angelini Copyrighted Doors, without license, consent or permission from Angelini, which constitutes copyright infringement in violation of 17 U.S.C. §101, et seq.

15. As a direct and proximate result of Defendant's acts of copyright infringement, Plaintiff is entitled to relief including, but not limited to, actual damages, and/or statutory damages, profits of the Defendant, statutory costs and attorney's fees, and prejudgment interest.

16. Plaintiff has no adequate remedy at law and is being irreparably harmed by HID's infringement as set forth above, and such harm will continue unless Defendant is enjoined by this Court.

17. Plaintiff is informed and believes and thereon alleges that Defendant infringed Plaintiff's copyrights by creating infringing derivative works from the

Angelini Copyrighted Photographs and reproductions of the Angelini Copyrighted Doors, and by publishing and displaying the infringing material to the public, including without limitation, through its websites or elsewhere.

18. Plaintiff is informed and believes and thereon alleges that Defendant infringed Plaintiff's rights by copying the Angelini Copyrighted Photographs and reproductions of the Angelini Copyrighted Doors without Plaintiff's authorization or consent.

19. Due to Defendant's acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

20. Plaintiff is informed and believes and thereon alleges that Defendant has committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendant, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses

## SECOND CAUSE OF ACTION
## VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Against all Defendant)

21. Plaintiff realleges and incorporates by reference paragraphs 1 through 39 of this Second Amended Complaint.

22. Plaintiff is informed and believes and thereon alleges that Defendant knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Angelini Copyrighted Photographs and reproductions of the Angelini Copyrighted Doors as alleged hereinabove.

23. Plaintiff is informed and believes and thereon alleges that Defendant is vicariously liable for the infringement alleged herein because it had the right and ability to supervise the infringing conduct and because a direct financial interest in

1 the infringing conduct. Specifically, Defendant received revenue in connection with the posts that incorporated the unauthorized copies of the Angelini Copyrighted Photographs and reproductions of the Angelini Copyrighted Doors and was able to said conduct.

24. By reason of the Defendant's acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

25. Due to Defendant's acts of copyright infringement as alleged herein, Defendant has obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Angelini Copyrighted Photographs and reproductions of the Angelini Copyrighted Doors. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement, in an amount to be established at trial.

26. Plaintiff is informed and believes and thereon alleges that Defendant has committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendant to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

## **PRAYER FOR JUDGMENT AND RELIEF**

WHEREFORE, the Plaintiff prays:

1. For preliminary and permanent injunctions enjoining and restraining Defendant Hubbard Iron Doors, Inc., its officers, agents, servants, employees, attorneys, successors, or assigns and any persons in active concert or participation with them from:

/ / /

a. Directly or indirectly infringing the Angelini Copyrighted Doors and Angelini Copyrighted Photographs protected as Copyright Registrations No. VA1-777-064; VA1-776-959; VA1-777-858; VA1-777-808; VA1-777-809; VA1-777-079; VA1-776-999; VA1-776-998; VA1-777-837; VA1-777-810; VA1-777-840; VA1-776-977; VA1-777-811; VA1-777-812; VA1-777-006; VA1-777-002; VA1-777-010; VA1-777-051; VA1-777-813; VA1-777-816; VA1-777-832; VA1-777-827; VA1-777-070; VA1-777-062;

b. Developing, exploiting, distributing, colorably imitating or otherwise using the Angelini Copyrighted Doors and/or the Angelini Copyrighted Photographs;

c. Importing into the United States any infringing products; and

d. Any other conduct which has the result of preventing Plaintiff's development, distribution, and profit from the Angelini Copyrighted Doors and/or the Angelini Copyrighted Photographs;

2. For a mandatory injunction ordering Defendant, their officers, agents, servants, employees, attorneys, successors, or assigns and any persons in active concert or participation with them, to remove the Angelini Copyrighted Photographs from Defendant's www.hubbardirondoors.com website, flyers, catalogs and other publcations; and to destroy any infringing inventory in Defendant's possession or control;

3. For a declaratory judgment that Defendant have infringed the Angelini Copyrighted Photographs and the Angelini Copyrighted Doors and has misappropriated, improperly profited from, and otherwise misused the Plaintiff's Copyright Registrations;

4. Actual damages, including lost profits, and other money damages, against Defendant in an amount to be proven at trial or in the alternative, statutory damages;

ADLI LAW GROUP, P.C.
(213) 623-6546

1098.202

5. Disgorgement of Defendant's profits;

6. Punitive and Exemplary Damages;

7. Pre-Judgment and post-judgment interest at the legal rate;

8. Costs;

9. Attorney fees as allowed pursuant to the Copyright Act and as otherwise allowed by law;

10. Such other and further relief as is just and proper.

ADLI LAW GROUP, P.C.

Dated: July 8, 2021

*/s/ Dariush G. Adli*
Dariush G. Adli, Esq.
*Attorneys for Plaintiff,*
ANGELINI METAL WORKS CO.

**DEMAND FOR JURY TRIAL**

Plaintiff Angelini Metal Works Co. hereby exercises its right to a trial by jury under the Seventh Amendment of the United States Constitution and demand a jury trial of all issues triable by a jury (Federal Rule Civil Procedure 38).

ADLI LAW GROUP, P.C.

Dated: July 8, 2021       */s/ Dariush G. Adli*
                          Dariush G. Adli, Esq.
                          *Attorneys for Plaintiff,*
                          ANGELINI METAL WORKS CO.